all those who demonstrate an interest in his or her welfare are allowed to be heard." *In re Adoption of Hess,* 530 Pa. 218, 227, 608 A.2d 10, 15 (1992).[5]

Resolution of this case will necessarily involve a conflict between the competing right of Mary Jane Z. and Arthur Z. to raise their family and C.R.'s interest in maintaining a relationship with her sisters. However, as in grandparent visitation disputes, the denial of visitation by a parent is not determinative. I again emphasize that here, as in all visitation matters, the best interest of the children involved is the primary concern.

682 A.2d 1274

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Bryan Gregory DUNLOP, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 27, 1995.

Decided Oct. 8, 1996.

---

**5.** I cannot conceive of a contrary result that would permit grandparents, but not brothers and sisters, to visit a child where it is in the child's best interest. In differentiating this case from the circumstances when grandparents' visitation rights arise, i.e, where the family unit has become detached or broken, Appellees emphasize that their family unit, that of Arthur Z. and Mary Jane Z. and their children, is intact. I note, however, that Appellant C.R.'s biological family is not intact: her parents are divorced, she is unemancipated and living with her father; she is estranged from her mother and is prohibited from visiting her sisters.

63

Peter T. Campana, Williamsport, for appellant.

Thomas A. Marino, Kenneth A. Osokow, Philadelphia, for appellee.

## *ORDER*

PER CURIAM.

Appeal dismissed as having been improvidently granted.

NIGRO, J., dissents.

682 A.2d 1275

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Dale K. IRWIN, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 17, 1996.

## *ORDER*

PER CURIAM.

AND NOW, this 17th day of October, 1996, the above-captioned Petition for Allowance of Appeal is GRANTED. In accordance with our decision in *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996), the judgment of sentence entered by the Court of Common Pleas of Venango County at No. C.R. No. 229–1995 pursuant to 75 Pa.C.S. § 3731(a)(5) is hereby vacated.